The State, Matheson et al., pros., v. Boyd, Col. of Washington.

THE STATE, JOHN T. MATHESON, WILLIAM W. STRADER AND JACOB S. VOUGHT, PROSECUTORS, v. WILLIAM H. BOYD, COLLECTOR OF THE TOWNSHIP OF WASHINGTON, IN THE COUNTY OF WARREN.

A tax assessed for the year 1865, against the prosecutors, on stock owned by them in a national bank, whose capital is wholly invested in United States bonds, is illegal.

*Certiorari.* In matter of taxation.

For the prosecutors, *J. G. Shipman.*

The opinion of the court was delivered by

VREDENBURGH, J. The prosecutors are stockholders in the First National Bank of Washington, in Warren county, organized under the acts of congress, passed February 25th, 1863, and amended on the third of June, 1864. The whole capital of the bank consists of United States bonds. For these stocks the prosecutors were taxed in 1865, for state, county and township purposes.

The prosecutors assign for error, that their said stocks are

taxed at a rate exceeding that imposed upon the shares of any of the banks organized under the authority of this state.

The eighth section of the state law, passed March 28th, 1862, in force when this tax was imposed, provides, "that all private corporations of this state shall be, and are hereby required to be respectively assessed and taxed, at the full amount of their capital stock paid in, and accumulated surplus, and the persons holding the capital stock of such corporations shall not be assessed therefor."

So that, in point of fact, when this tax complained of was imposed, no tax could, by force of law, be imposed upon any stock of the state banks, in the hands of their stockholders.

The forty-first section of the act of congress of 1864, subjects the stocks of the national banks to state taxation, provided that the tax so imposed shall not exceed the rate imposed upon the shares in any of the banks organized under state authority.

No question has been raised, either as to the paramount force or the construction of this provision in the act of congress, and there is as little doubt but that the stock of the state banks could not, in 1865, be taxed at all, by force of the state enactments.

The tax is, therefore, imposed in direct violation of the paramount law.

This question came directly up in the case of *Van Allen* v. *The Assessors*, 3 *Wallace* 581. In that case, the Supreme Court of the United States decided, first, that the states had power to authorize the taxation of shares of the national banks in the hands of stockholders, whose capital is wholly vested in bonds of the United States. But, secondly, that such taxation by state authority, should not exceed the rate imposed by such states upon the shares of any of the banks organized under the authority of such states; and they declared the enabling act of the state of New York, passed March 9th, 1865, unwarranted and void, because it discriminated in favor of the stock of the state institutions.

In the case of *The State* v. *Haight, Collector*, 1 *Vroom* 447,

the point now settled was not considered. The question was not stated on the argument, and the court therefore assumed, as an admitted fact, that the rate of taxation in the state and national banks was equal.

These taxes, therefore, so far as regards these bank stocks, are illegal, and are set aside.